IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FEDERAL HOME LOAN | : | |
| MORTGAGE CORPORATION, AS | : | |
| TRUSTEE FOR THE BENEFIT OF THE | : | |
| FREDDIE MAC SEASONED LOANS | : | |
| STRUCTURED TRANSACTION | : | |
| TRUST, SERIES 2020-2, | : | CASE NO. 5:26-CV-157 (CAR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AUSTIN DENNIS III, | : | |
| | : | |
| Defendant. | : | |

_____

ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

On or about March 20, 2026, Plaintiff Federal Home Loan Mortgage Corporation

filed a dispossessory action against Defendant Austin Dennis, III "And All Others" in the

Magistrate Court of Putnam County, Georgia.[1] On April 24, 2026, Defendant, acting *pro

se*, filed a Notice of Removal and a Motion to Proceed *In Forma Pauperis* ("IFP"). For the

reasons explained below, the Court **GRANTS** Defendant's Motion to Proceed IFP [Doc.

2] but **REMANDS** this dispossessory action to the Magistrate Court of Putnam County,

Georgia and **DIRECTS** the Clerk of Court to close this case.

**A. Motion to Proceed IFP**

_____

[1] Doc. 1-2.

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty."[3] The Court should accept statements contained in an IFP affidavit, "absent serious misrepresentation."[4] Although a litigant need not show he is "absolutely destitute" to qualify under § 1915(a), he must show that "because of his poverty, he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."[5]

The Court has reviewed Defendant's application to proceed IFP and is satisfied that he cannot pay the court fees because of his poverty. Defendant states his average monthly income is $3,000 from his employment, which does not cover his total basic monthly expenses of approximately $8,500, including rent, utilities, transportation,

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306, n. 1 (11th Cir. 2004).

[3] *Martinez v. Kristi Keaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (internal quotation marks and citation omitted).

[4] *Id.*

[5] *Id.* (citation omitted).

medical bills, and food for himself and his two minor children. Thus, Plaintiff qualifies as a pauper under §1915, and his Motion for IFP is **GRANTED**.

**B. Preliminary Screening**

Because Defendant is proceeding IFP, the Court is required to screen his Complaint and must *sua sponte* dismiss the complaint or portion thereof which (1) is found to be frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.[6] Title 28 U.S.C. § 1915(e) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" and the legal theories "indisputably meritless," or when it is apparent that "the defendant's absolute immunity justifies dismissal before service of process."[8] As a result, "[d]ismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible on its face'"[9] and is governed by the same standard as a dismissal under Federal Rule of Civil Procedure

---

[6] 28 U.S.C. § 1915(e)(2)(b).

[7] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

[9] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)).

12(b)(6).[10] However, *pro se* "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[11]

Independent of the Court's duty under § 1915(e) to evaluate the claim of a party proceeding IFP, the Court also has an obligation to ensure that subject-matter jurisdiction exists. "As the Federal Rules of Civil Procedure state, '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'"[12] A complaint is also deemed "frivolous" under § 1915 where there is no subject-matter jurisdiction.[13]

Civil actions brought in state courts may be removed if the action falls within the original jurisdiction of federal courts.[14] In the absence of an express grant of statutory jurisdiction, original jurisdiction may be predicated upon the presence of a federal question pursuant to 28 U.S.C. § 1331, or diversity of citizenship pursuant to 28 U.S.C. § 1332.[15] Neither a federal question nor diversity of citizenship supports jurisdiction here.

The Court has no federal question jurisdiction over this action. Federal courts have original jurisdiction over all civil actions arising under the Constitution or the laws of the United States.[16] Based on Defendant's assertions that Plaintiff has violated the Fair Debt

---

[10] *See, e.g., Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

[11] *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

[12] *Williams v Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337-38 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)).

[13] *Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2019); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

[14] 28 U.S.C. § 1331.

[15] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

[16] 28 U.S.C. § 1331.

Collection Practices Act (15 U.S.C. § 1692), and that the dispossessory action violates his due process rights under the Fourteenth Amendment, it appears Defendant seeks to remove this action based on the Court's federal question jurisdiction. But Defendant's counterclaims do not establish federal question jurisdiction. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331" and "governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)."[17] The "'well-pleaded-complaint rule' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[18] If the plaintiff does not raise a federal question in his or her complaint, "it is no substitute that the defendant is almost certain to raise a federal defense."[19] Similarly, a counterclaim, which appears in a defendant's answer, and not as part of the plaintiff's complaint, cannot support removal based upon federal question jurisdiction.[20] Plaintiff's Complaint in this case does not present a federal question. Thus, this Court does not have federal question jurisdiction over this action, and removal on this basis is improper.

The Court also cannot exercise jurisdiction over this case pursuant to diversity of citizenship. Under 28 U.S.C. § 1332, district courts have original jurisdiction over all civil actions where the matter in controversy exceeds sum or value of $75,000.00 and is

---

[17] *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 & n. 2 (2002).
[18] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).
[19] *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961).
[20] *Holmes Group*, 535 U.S. at 831.

between citizens of different states.[21] The removing defendant bears the burden of establishing that federal jurisdiction exists.[22] Here, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Plaintiff or that the amount in controversy exceeds $75,000.00. "[A] dispossessory proceeding under Georgia law is not an ownership dispute but rather a dispute over the limited right to possession."[23] Because title to the property is not at issue, the removing defendant may not rely on the value of the property to satisfy the amount in controversy requirement.[24] Thus, 28 U.S.C. § 1332 cannot serve as a basis for removal.

Defendant, as the removing party, fails to carry his burden of establishing federal jurisdiction. No federal question is present on the face of Plaintiff's Complaint, and the requirements for diversity jurisdiction are not satisfied. Thus, the Court lacks subject matter jurisdiction over this action.

## CONCLUSION

Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. Thus, this action is frivolous and is hereby **REMANDED** to the Magistrate Court of Putnam County, Georgia pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED**, this 28th day of April, 2026.

---

[21] 28 U.S.C. § 1332(a).

[22] *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

[23] *Fed. Home Loan Mortg. Corp. v. Williams*, Case Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at 2 (N.D. Ga. Jan. 29, 2008) (citation omitted).

[24] *See Novastar Mortgage, Inc. v. Bennett*, 173 F.Supp.2d 1358, 1361-62 (N.D. Ga. 2001).

S/ C. Ashley Royal_____
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE